IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANCE ROGERS,                                    )
                                                 )
        Petitioner,                          )        Civil Action No. 2:24-cv-1210
                                                 )
        v.                                   )
                                                 )        Magistrate Judge Patricia L. Dodge
THE DISTRICT ATTORNEY OF                         )
THE COUNTY OF WASHINGTON, et al.                 )
                                                 )
        Respondents.                         )

## MEMORANDUM

Pending before the Court is the Petition for a Writ of Habeas Corpus (ECF No. 1) filed by

Lance Rogers ("Petitioner") under 28 U.S.C. § 2254.[1] For the reasons below, the Court will deny

the petition and will deny a certificate of appealability.

## I.    PROCEDURAL HISTORY

Petitioner was convicted in 2019 in the Court of Common Pleas of Washington County of

ten counts of person not to possess a firearm and one count each of possession with intent to deliver

a controlled substance, possession of a controlled substance, and possession of drug paraphernalia.

The charges stemmed from the execution of search warrant of Petitioner's house which yielded,

*inter alia*, ten firearms, 184 stamp bags of heroin, and a plastic baggie of cocaine. (ECF No. 12-1

at 147-148.) Petitioner was legally prohibited from possessing firearms. (*Id.*) On January 31, 2020,

he was sentenced to an aggregate term of 20 to 40 years of imprisonment for these convictions.

The Superior Court of Pennsylvania affirmed the judgment of sentence on July 30, 2021.

*Commonwealth v. Rogers*, 260 A.3d 175 (Pa. Super. 2021) (unpublished memorandum); (ECF No.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

12-1 at 147-158.) Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On February 7, 2022, Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq. Appointed counsel filed an amended PCRA petition. Following an evidentiary hearing, the PCRA court denied the petition. On June 11, 2024, the Superior Court of Pennsylvania affirmed the denial and permitted Petitioner's counsel to withdraw. *Commonwealth v. Rogers*, No. 1210 WDA 2023, 2024 WL 2937504 (Pa. Super. June 11, 2024).

The instant petition was filed on August 12, 2024. (ECF No. 1 at 14.) Respondents filed an answer. (ECF No. 12.) Petitioner did not file a reply.

## II.    ANALYSIS

### A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

### B.    Standard of Review

Habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations and citation omitted). It is Petitioner's burden to prove

2

that he is entitled to the writ. *See, e.g.*, *Vickers v. Sup't Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017). There are other prerequisites that he must satisfy before he can receive habeas relief on his claims but, ultimately, Petitioner cannot receive federal habeas relief unless he shows that he is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a); *see, e.g.*, *Vickers*, 858 F.3d at 849.

A finding of fact made by a state court has always been afforded considerable deference in a federal habeas proceeding. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

As "to any claim that was adjudicated on the merits" by the Superior Court, a federal habeas court is prohibited from granting relief unless the petitioner established that the Superior Court's "adjudication of the claim":

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). For the purposes of § 2254(d), a claim has been "adjudicated on the merits in State court proceedings" when the state court (here, the Superior Court) made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground. *See, e.g.*, *Richter*, 562 U.S. at 98-100; *Robinson v. Beard*, 762 F.3d 316, 324 (3d Cir. 2014).

The majority of federal habeas claims need only be analyzed under § 2254(d)(1), which applies to questions of law and mixed questions of law and fact. In applying § 2254(d)(1), this Court's first task is to ascertain what law falls within the scope of the "clearly established Federal

law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). It is "'the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.'" *Dennis v. Sec'y, Pennsylvania Dep't of Corr.*, 834 F.3d 263, 280 (2016) (en banc) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)).

Once the "clearly established Federal law, as determined by the Supreme Court of the United States" is ascertained, this Court must determine whether the Superior Court's adjudication of the claim at issue was "contrary to" that law. *Williams*, 529 U.S. at 404-05 (explaining that the "contrary to" and "unreasonable application of" clauses of § 2254(d)(1) have independent meaning). A state-court adjudication is "contrary to…clearly established Federal law, as determined by the Supreme Court of the United States" § 2254(d)(1), "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," *Williams*, 529 U.S. at 405, or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent," *id.* at 406.

A "run-of-the-mill" state-court adjudication applying the correct legal rule from Supreme Court decisions to the facts of a particular case will not be "contrary to" Supreme Court precedent. *Williams*, 529 U.S. at 406. Thus, the issue in most federal habeas cases is whether the adjudication by the state court survives review under § 2254(d)(1)'s "unreasonable application" clause.

"A state court decision is an 'unreasonable application of federal law' if the state court 'identifies the correct governing legal principle,' but 'unreasonably applies that principle to the facts of the prisoner's case.'" *Dennis*, 834 F.3d at 281 (quoting *Williams*, 529 U.S. at 413). To satisfy his burden under this provision of AEDPA's standard of review, Petitioner must do more than convince this Court that the Superior Court's decision was incorrect. *Id.* He must show that it

4

"'was *objectively* unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 409) (emphasis added by Court of Appeals). This means that Petitioner must prove that the Superior Court's decision "*was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*" *Richter*, 562 U.S. at 103 (emphasis added). As the Supreme Court noted:

> It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *See Lockyer, supra*, at 75, 123 S. Ct. 1166. If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.

*Id.* at 102.

The standard of review set forth at § 2254(d)(2) applies when a petitioner "challenges the factual basis for" the state court's "decision rejecting a claim[.]" *Burt v. Titlow*, 571 U.S. 12, 18 (2013).[2] "[A] state court decision is based on an 'unreasonable determination of the facts' if the state court's factual findings are 'objectively unreasonable in light of the evidence presented in the state-court proceeding,' which requires review of whether there was sufficient evidence to support the state court's factual findings." *Dennis*, 834 F.3d at 281 (quoting § 2254(d)(2) and citing *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Titlow*, 571 U.S. at 18 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010));

---

[2] Sections 2254(d)(2) and (e)(1) "express the same fundamental principle of deference to state court findings[,]" and federal habeas courts "have tended to lump the two provisions together as generally indicative of the deference AEDPA requires of state court factual determinations." *Lambert*, 387 F.3d at 235. The Court of Appeals has instructed that § 2254(d)(2), when it applies, provides the "overarching standard" that a petitioner must overcome to receive habeas relief, while 2254(e)(1) applies to "specific factual determinations that were made by the state court, and that are subsidiary to the ultimate decision." *Id.*

*see Rice v. Collins*, 546 U.S. 333, 342 (2006) (reversing court of appeals' decision because "[t]he panel majority's attempt to use a set of debatable inferences to set aside the conclusion reached by the state court does not satisfy AEDPA's requirements for granting a writ of habeas corpus."). Thus, "if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede'" the state court's adjudication. *Wood*, 558 U.S at 301 (quoting *Collins*, 546 U.S. at 341-42).

### C.    Exhaustion and Procedural Default

The "exhaustion doctrine" requires that a state prisoner raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal habeas petition. *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). It is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). It "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Additionally, and importantly, a petitioner must have "invoke[d] one complete round of the State's established appellate review process[,]" in order to satisfy the exhaustion requirement. *O'Sullivan*, 526 U.S. at 845. In Pennsylvania, this requirement means that a petitioner in a non-capital case such as this one must have first presented every federal constitutional claim raised in his federal habeas petition to the Superior Court. *See, e.g.*, *Lambert*, 387 F.3d at 233.

The doctrine of procedural default, like the doctrine of exhaustion, is "grounded in concerns of comity and federalism," *Coleman*, 501 U.S. at 730. To summarize, it provides that a Pennsylvania state prisoner in a non-capital case defaults a federal habeas claim if he: (a) failed to

present it to the Superior Court and he cannot do so now because the state courts would decline to address the claims on the merits because state procedural rules (such as, for example, the PCRA's one-year statute of limitations) bar such consideration; or (b) failed to comply with a state procedural rule when he presented the claim to the state court, and for that reason the Superior Court declined to address the federal claim on the merits. *See, e.g.*, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *O'Sullivan*, 526 U.S. at 851-56 (Stevens, J. dissenting) (describing the history of the procedural default doctrine); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Lines v. Larkins*, 208 F.3d 153, 162-69 (3d Cir. 2000).

A petitioner may avoid the default of a claim by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]"*Coleman*, 501 U.S. at 750. "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[.]" *Id.* at 753 (emphasis in original).

A petitioner may also overcome his default by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. This means that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup v. Delo*, 513 U.S. 298, 316 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.* at 324. In only the extraordinary case will a petitioner be able to establish a "fundamental miscarriage of justice."

**D.      Petitioner's Claims**

Without setting forth supporting facts for any claim or making any attempt to meet his burden under AEDPA, Petitioner merely lists the six claims he raised on direct appeal and the single claim he raised in his PCRA appeal. The direct appeal claims he listed are:

[1.]     Whether the trial court erred in denying [Petitioner's] Pre-Trial Motion for Writ of Habeas Corpus for the charge(s) of Possession of a Firearm Prohibited where the Commonwealth failed to present [Petitioner's] certified criminal history establishing that [Petitioner] was precluded to possess a firearm pursuant to 18 Pa.C.S. § 6105(a).

[2.]     Whether it was reversible error where the Commonwealth presented testimony that [Petitioner] was previously incarcerated during its examination at trial and [Petitioner] should be granted a new trial.

[3.]     Whether the evidence was insufficient and against the weight to sustain a conviction for the charge(s) of Possession of a Firearm Prohibited counts (1) through (22) where the Commonwealth failed to prove beyond a reasonable doubt that [Petitioner] was guilty based on the evidence and testimony presented at trial.

[4.]     Whether the trial court erred in overruling [Petitioner's] objection to the admission of video from a cell phone where there was no indication by Detective Ryan McWreath that he was able to authenticate who actually filmed the videos, the Commonwealth failed to establish if the … video was taken in the Commonwealth of Pennsylvania, or if the firearm shown in the video was actually a firearm or an airsoft fun, which is not considered a firearm under 18 Pa.C.S. § 6[1]0[5](a)(1).

[5.]     Whether the trial court erred [in] denying [Petitioner's] request for Judg[]ment of Acquittal at close of trial for the charge(s) of Possession of a Firearm Prohibited counts (1) through (22) where the Commonwealth failed to provide any evidence that [Petitioner] was in actual physical possession or control of the firearms (1) through (22) whether visible, concealed about his person, or within his reach.

[6.]     Whether the sentence imposed by the trial court is excessive where [Petitioner] was sentence[d] to no less than 20 years to no more than 40 years in an appropriate State Correctional Institution given the lack of evidence provided for the charge(s) of Possession of a Firearm Prohibited counts (1) through (22) where the Commonwealth failed to provide reliable evidence based on the testimony of law enforcement and expert witnesses.

(ECF No. 1 at 3.)

The PCRA appeal issue he raises is:

[7.]    Petitioner's rights pursuant to the Sixth and Fourteenth Amendments of the U.S. Constitution were violated by trial and appellate counsel's ineffective failure to the adequately communicate the strength [of the] Commonwealth's case, and to explain that proceeding to trial would lead to significantly greater sentencing exposure, including in the form of numerous consecutive sentences. [Petitioner] further maintained that had counsel properly advised him in that regard, he would have accepted the Commonwealth's offer.

(*Id*.)

The Superior Court summarily found that Petitioner conceded Claims 1 and 6 in his brief, that he waived Claim 2 by failing to object to the testimony at trial, and that he waived Claim 5 by failure to present any argument in support of it on appeal. (ECF No. 12-1 at 150.) Accordingly, these claims were not exhausted and are procedurally defaulted. Petitioner makes no effort to overcome the procedural default.

In Claim 3, Petitioner challenged both the sufficiency and the weight of the evidence. The Superior Court found both challenges waived, the latter for failure to preserve it in the trial court and the former for failure to develop it on appeal. (*Id.* at 152, 154.) Accordingly, these claims were not exhausted and are procedurally defaulted. Petitioner makes no effort to overcome the procedural default.[3]

---

[3] Even if the weight claim had not been defaulted, this Court lacks the authority to review it because it is purely a state law claim that is not cognizable under § 2254(a). *See Tibbs v. Florida*, 457 U.S. 31, 37-45 (1982) (weight of evidence claims raise questions of credibility; it is different from a claim that the evidence was insufficient to support the conviction); *see*, *e.g.*, *McKinnon v. Sup't, Great Meadow Corr. Facility*, 422 Fed. Appx. 69, 75 (2d Cir. 2011) ("the argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus[.]"; *Stephenson v. Gilmore*, No. 2:18-cv-1329, 2021 WL 3667904, at *14 (W.D. Pa. Feb. 23, 2021), report and recommendation adopted, 2021 WL 2882441 (W.D. Pa. July 9, 2021).

In Claim 4, Petitioner purported to challenge the admission of video evidence, but the Superior Court found that his "specific challenges go the weight to be accorded the videos, not their admissibility." (*Id.* at 157.) The state court went on to find that Petitioner had waived such challenges and thus was not entitled to relief thereupon. (*Id.*) Thus, this claim is also not exhausted and is procedurally defaulted. Petitioner makes no effort to overcome the procedural default.

Accordingly, Petitioner cannot receive habeas relief on claims 1 through 6.

In Claim 7, Petitioner raises a claim of ineffective assistance of trial counsel for failing to adequately advise him regarding two plea offers by the Commonwealth. In support of his claim in state court, Petitioner argued that the PCRA court should have credited his testimony at the PCRA hearing and discredited his counsel's testimony. *Rogers*, 2024 WL 2937504 at *3. The Superior Court set forth the proper standard for an ineffectiveness claim under *Strickland v. Washington*, 466 U.S. 668 (1984), and found that the record supported the PCRA court's determination that counsel credibly testified at the PCRA hearing that Petitioner was fully apprised of the strength of the Commonwealth's case, the risks of proceeding to trial, and the Commonwealth's plea offers. *Id.*; (ECF No. 12-1 at 192-205.) The Superior Court thus concluded, as the PCRA court had, that the ineffectiveness claim had no arguable merit. *Id.*

Petitioner does not challenge the state court's determination of facts or its conclusions of law. He has thus failed to show he is entitled to habeas relief on this claim.

### E.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

10

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.

Applying those standards here, jurists of reason would not find it debatable that Petitioner's claims should be denied for the reasons given. Thus, a certificate of appealability will be denied with respect to his claims.

For these reasons, the Court will deny the petition and will deny a certificate of appealability.

An appropriate Order follows.

April 6, 2026                                      /s/ Patricia L. Dodge
                                                  PATRICIA L. DODGE
                                                  United States Magistrate Judge

11